UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES C. HYMES,

                      Petitioner,

     v.

                                        9:16-CV-1128
                                        (NAM)

SUPERINTENDENT T. STICHT,

                        Respondent.
_____

APPEARANCES:                     OF COUNSEL:

JAMES C. HYMES
05-B-1735
Petitioner, pro se
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011

HON. ERIC T. SCHNEIDERMAN      DENNIS A. RAMBAUD, AAG
Attorney for Respondent
Office of the Attorney General
120 Broadway
New York, New York 10271

NORMAN A. MORDUE, Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

      Petitioner James C. Hymes filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. §2254 in which he argues that trial and appellate counsel were ineffective.  Dkt. No. 1,

Petition, at 1, 4-5.[1]  On September 19, 2016, the Court directed petitioner to file an affirmation

in which he explained why the statute of limitations should not bar his petition.  Dkt. No. 6.

Petitioner submitted the required affirmation, and the Court directed the named respondent to

_____

[1] The cited page numbers for petitioner's submissions refer to those generated by the Court's electronic filing system ("ECF").

answer the petition.  Dkt. No. 8, Affirmation; Dkt. No. 9, Decision and Order.  On January 11, 2017, the Court granted respondent's motion to file an answer limited to whether the petition was timely filed.  Dkt. No. 12, Text Order.  Respondent filed his limited answer on January 13, 2017.  Dkt. No. 13, Answer Limited to the Issue of Timeliness; Dkt. No. 13-1, Memorandum of Law in Opposition to Petition for a Writ of Habeas Corpus; Dkt. No. 14, State Court Record ("SR.").  Petitioner was given an opportunity to file a reply.  Dkt. No. 12.  To date, he has not done so.

For the reasons that follow, the petition is dismissed.

## II.    RELEVANT BACKGROUND

On June 1, 2005, petitioner was sentenced to serve an aggregate term of 17 1/3 to 22 years in prison followed by a period of post-release supervision for his convictions of attempted second degree murder (N.Y. Penal Law §110/125.25(1)), second degree criminal possession of a weapon (N.Y. Penal Law §265.03(2)), and first degree reckless endangerment (N.Y. Penal Law §120.25).  Dkt. No. 1 at 1; Dkt. No. 13-1 at 1.  On February 11, 2010, the Appellate Division, Fourth Department, affirmed his conviction, and on July 7, 2010, the New York Court of Appeals denied leave to appeal.  *People v. Hymes,* 70 A.D.3d 1371 (4th Dep't. 2010), *lv. denied* 15 N.Y.3d 774 (2010).

In papers dated May 23, 2015, petitioner moved to vacate his conviction pursuant to CPL §440.10, in which he claimed trial counsel was ineffective because he failed to properly advise petitioner regarding a plea offer.  Dkt. No. 14 at SR 56-69.  The Oneida County Court

2

denied the motion on the merits on October 9, 2015.  *Id.* at SR 70-83.[2]  On December 4, 2015, the Appellate Division denied leave to appeal.  *Id.* at SR 84.

Petitioner next filed an application for a writ of error coram nobis, dated December 22, 2015, in which he claimed appellate counsel was ineffective.  Dkt. No. 14 at SR 85-93.  On March 18, 2016, the Appellate Division denied the application.  *Id.* at SR 94.  On June 27, 2016, the New York Court of Appeals denied petitioner's application for leave to appeal.  *Id.* at SR 95; *see Hymes*, 137 A.D.3d 1632 (4th Dep't. 2016); *lv. denied* 27 N.Y.3d 1133 (2016).

This action followed.

## III.  DISCUSSION

### A.    Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A);[3] *Gonzalez v.*

---

[2]  The Oneida County Court stated that petitioner also filed a motion to vacate his sentence pursuant to CPL §440.20 in 2011, and that the motion was denied.  Dkt. No. 14 at SR 71.  No paperwork regarding this motion has been filed with this Court.

[3]  Other dates from which the limitations period may start running are: the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which the petitioner bases his petition was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence).  28 U.S.C. § 2244(d)(1)(B)-(D).  None of the bases for a later date upon which the statute of limitations could have begun to run apply in this case.  The Court notes that petitioner based his ineffective assistance of trial counsel claims, raised in his CPL §440.10 motion and in his federal habeas petition, upon the Supreme Court's decisions in *Lafler v. Cooper*, 566 U.S. 156 (2012) and *Missouri v. Frye*, 566 U.S. 133 (2012).  Both cases were decided well after petitioner's conviction became final in 2010, and these cases did not announce a new constitutional right that may have altered the date upon which the statute of limitations began to run.  To the contrary, "*Frye* and *Lafler* applied existing Supreme Court precedent and did not announce a new rule of constitutional law, and instead applied the well established Sixth Amendment right to counsel in a specific factual context."  *Speed v. United States*, Nos. 1:12-CV-7777, 1:10-CV-3333 & 1:04-CR-

3

*Thaler*, 565 U.S. 134, 148-49 & n. 9 (2012).  For purposes of section 2244(d)(1)(A), a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.  *Thaler*, 565 U.S. at 149; *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).  For purposes of section 2244(d)(1)(A), a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.  *Thaler*, 565 U.S. at 149; *Saunders*, 587 F.3d at 548-49.

In this case, the Appellate Division affirmed petitioner's conviction on February 11, 2010, and the New York Court of Appeals denied leave to appeal further on July 7, 2010. *Hymes*, 70 A.D.3d 1371 (4th Dept. 2010), *lv. denied* 15 N.Y.3d 774 (2010).  His conviction became "final" for purposes of the AEDPA ninety days later, on October 5, 2010, when the time to seek certiorari expired.  *Thaler*, 565 U.S. at 149.  Petitioner had one year from that date, or until October 5, 2011, to file a timely federal habeas petition.  His original petition, signed on July 22, 2016,[4] is several years late.

### 1.    Statutory Tolling

The one-year limitation period under AEDPA is tolled while "a properly filed application

---

0336, 2013 WL 416026 at *3 (S.D.N.Y. Feb. 4, 2013) (collecting cases); *see Hill v. Lockhart*, 474 U.S. 52, 58 (1985) ("We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.").

[4]  Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).  Due to a mathematical error, the Court's September 19, 2016 Decision and Order noted the one-year limitations period expired on October 11, 2011.  Dkt. No. 6 at 3.  Even if the Court used the later date, however, the petition would still be untimely by several years.

for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the application was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Petitioner's CPL §440.10 motion (dated May 23, 2015) and his state court writ of error coram nobis application (dated December 22, 2015) were filed well after the one-year limitations period expired. Dkt. No. 14 at SR 56-69, 85-93. These state court applications do not, therefore, operate to toll the limitations period. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16; *see Monroe v. Rock*, No. 6:09-CV-6366, 2011 WL 1792926 at *2 (W.D.N.Y. May 10, 2011) (explaining that statutory tolling applies only if a state court application for relief was pending during the one-year limitations period). In its decision denying petitioner's CPL §440.10 motion, the Oneida County Court stated that petitioner "filed a CPL §440.20 motion pro se in 2011 seeking to set aside his sentence," and the court denied the motion "without a hearing." Dkt. No. 14 at SR 71. The parties have not provided this Court with copies of the motion or the county court's decision, or any information on whether petitioner sought leave to appeal from the denial of that motion. Even assuming the CPL §440.20 motion, and any attempt to appeal from the denial of the motion, operated to toll the limitations period, there is no indication on this record that the motion remained pending long enough to operate to toll the entire time period necessary to result in a timely federal habeas petition.

5

## 2.    Equitable tolling

The AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). The standard for evaluating a claim of extraordinary circumstances is one that focuses not on "the uniqueness of a party's circumstances," but instead on "the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011); *see Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (whether a circumstance is extraordinary depends on "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA's limitations period.") (quoting *Diaz*, 515 F.3d at 154).

A petitioner must show not only that extraordinary circumstances existed, but that those circumstances "caused him to miss the original filing deadline." *Harper*, 648 F.3d at 137. Claims of extraordinary circumstances must be supported with evidence and not merely with conclusory allegations. *Reid v. Atty Gen., State of New York*, No. 9:04-CV-0178 (TJM/RFT), 2008 WL 3049870 at *6 (N.D.N.Y. Aug. 1, 2008). Additionally, a petitioner must have acted with "reasonable diligence throughout the period he seeks to toll[.]" *Harper*, 648 F.3d at 138 (quoting *Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007)). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Baldayaque v. United*

6

*States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)); *Mason v. Pool*, 554 F. Supp. 2d 391, 397-98 (W.D.N.Y. 2008).

In an affirmation dated October 10, 2016, petitioner appears to make two arguments in support of equitable tolling.  First, he claims that his appellate counsel abandoned him and failed to "pursue an effective direct appeal, collateral attacks, and/or federal habeas corpus relief within" the one year limitations period.  Dkt. No. 8 at 2.  Second, he appears to argue that he is a "layman in the field of law" who was "left on his own to redress the ineffectiveness that prejudiced his substantial rights to due process of law." *Id.* at 2.  Petitioner's arguments are not "sufficiently extraordinary to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (internal quotation marks omitted).

An attorney's conduct, if it is "sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling to the one-year limitations period of AEDPA." *Baldayaque*, 338 F.3d at 152-53.  For example, equitable tolling may be appropriate where an attorney deliberately fails to file a habeas petition after being explicitly instructed to do so, in combination with the failure to conduct any legal research on the case and failing to inform the client. *Id.* at 152-53; *see Holland*, 565 U.S. at 651-52 (attorney's failure to file a petition or conduct research necessary to find out the proper filing date despite numerous letters from the petitioner, and to communicate with the petitioner to inform him, among other things, that the Florida Supreme Court decided his case, in combination with the petitioner's repeated contact with the state courts and the Florida Bar Association in an effort to have the attorney removed from his case, could constitute extraordinary circumstances warranting equitable tolling); *Martinez v. Superintendent, Eastern Corr. Fac.*, 806 F.3d 27 (2d Cir. 2015) (discussing equitable tolling in

context of attorney abandonment when the attorney was retained for all post-conviction relief proceedings), *Dawson v. Phillips*, No. 1:05-CV-1355, 2005 WL 3479881 at \*3 (E.D.N.Y. Dec. 20, 2005) (extraordinary circumstances existed where the petitioner's attorney failed to respond to numerous letters over a period of years and failed to assist petitioner with the filing of his petition without explanation).

In this case, petitioner provides nothing to support his argument that appellate counsel had any obligation to petitioner after the direct appeal concluded. *See* Dkt. Nos. 1, 8. Petitioner makes no allegation, and there is no basis to conclude, that his appellate counsel ignored any communication from petitioner, or that any other conduct by counsel prevented petitioner from filing a timely federal petition. Finally, there is nothing in the record to indicate petitioner made any attempt to contact counsel to inquire into the status of the collateral applications he claims he expected counsel to file. S*ee Figueroa v. Duncan*, 8 F. App'x 73, 75 (2d Cir. 2001) (equitable tolling unwarranted where no evidence existed that attorney agreed to file habeas petition or obstructed client petitioner from filing pro se, and noting petitioner "was not entitled to an attorney on collateral review[.]"); *Williams v. LaValley*, No. 1:11-CV-0104, 2011 WL 2671511 at \*4 (S.D.N.Y. Jun. 28, 2011) (finding, among other things, that petitioner's counsel "did not violate his duty as an attorney by ignoring a specific directive from Williams, as there was none, and Williams' Petition is not entitled to equitable tolling on this basis.").

Even assuming petitioner reasonably believed that appellate counsel was going to prepare collateral motions, and/or a federal habeas petition, petitioner did not act as diligently as reasonably could be expected under the circumstances. The standard of diligence appropriate "for equitable tolling purposes is reasonable diligence, not maximum feasible

8

diligence." *Holland*, 560 U.S. at 653 (internal citation and quotation marks omitted). Petitioner has not met that standard. He waited until 2015 - over three years after the limitations period ran, to file his first collateral state court motion challenging his conviction. This period of inaction "is the antithesis of reasonable diligence and is fatal to any possibility of an equitable toll." *Tarafa v. Artus*, No. 1:10-CV-3870, 2013 WL 3778795 at *7 (S.D.N.Y. Mar. 11, 2013); *see Celaj v. Artuz*, 49 F. App'x 331, 333 (2d Cir. 2002) (no reasonable diligence where petitioner waited four years before filing habeas petition); *Lowe v. Bradt,* No. 1:12-CV-0793, 2014 WL 3490366 at *11 (E.D.N.Y. Jul. 11, 2014) (no reasonable diligence where petitioner waited for three years between the expiration of the limitations period and the date he filed a CPL §440.10 motion); *Lopez v. Lee*, No. 1:11-CV-2706, 2011 WL 6068119 at *6 (E.D.N.Y. Dec. 7, 2011) ("As year after year passed by, Lopez should not have simply sat by hoping that his attorneys would seek federal habeas relief on his behalf. He should have eventually determined that he could not rely on them and promptly found a new attorney or, if he could not afford one, prepared a habeas petition *pro se*."); *Francis v. Miller*, 198 F. Supp. 2d. 232, 235 (E.D.N.Y. 2002) (rejecting claim of equitable tolling due to attorney's abandonment because "[t]he mere fact that counsel declined to continue to represent petitioner does not justify petitioner's inaction for almost three years.").

Petitioner's second argument, that he is a "layman in the field of law" and was "left on his own to redress the ineffectiveness that prejudiced" his due process rights, is equally unavailing. Dkt. No. 8 at 2. Petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him from filing a timely petition. *See Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010) ("Jenkins did not file his federal petition within the allowable time limit, and his explanation for his failure to do so boils down to the claim that he

was thwarted by a mistaken reading of New York case law to impose a requirement that did not in fact exist. Under the law, such a mistaken belief is not a basis for equitable tolling."); *Smith,* 208 F.3d at 18 (a petitioner's pro se status does not establish sufficient ground for equitable tolling); *Adkins v. Warden*, 585 F. Supp. 2d 286, 297 (D. Conn. 2008) ("Most courts also recognize that lack of knowledge and education about the law and one's legal rights is not an extraordinary circumstance because tolling for this common obstacle that most petitioners face would undermine the legislative decision to impose a one-year limitations period.").

Similarly, to the extent that petitioner may be arguing he had difficulty researching and preparing his papers due to his incarceration, that also does not constitute a ground for equitable tolling because it is not extraordinary. Pet. at 6; *see Phillips v. LaValley*, No. 1:10-CV-0997, 2012 WL 443856 at *13 (W.D.N.Y. Feb. 10, 2012) (the fact that it took petitioner time to research law "is not an extraordinary circumstance that would justify equitable tolling."); *Hill v. Superintendent, Gowanda Corr. Facility*, No. 1:08-CV-4508, 2009 WL 560690 at *3 (E.D.N.Y. Mar. 4, 2009) (petitioners "bear[] the burden of learning the applicable procedural rules in federal court and abiding by them when seeking review."); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.").

In sum, petitioner failed to show that he experienced extraordinary circumstances, or that those circumstances caused him to miss the original filing deadline. *Holland*, 560 U.S. at 645; *Harper*, 648 F.3d at 136-37. He also failed to show that he was pursuing his rights

diligently during the time to which equitable tolling would apply. *Holland*, 560 U.S. at 645.

Petitioner is therefore not entitled to equitable tolling.

      **3.**      **Petitioner has not made a "gateway" showing of actual innocence that would entitle him to an equitable exception from the limitations period.**

The Supreme Court recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid the "expiration of the statute of limitations." *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995) and citing *House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met)).

Liberally construing petitioner's papers, he has not advanced any claim of actual innocence based upon new, reliable evidence, and the Court discerns none. Instead, petitioner's argument is that if he received correct advice from trial counsel, he would have pleaded guilty instead of proceeding to trial. Pet. at 4. On this record, petitioner failed to demonstrate actual innocence as that term is defined by the Supreme Court, and he is not entitled to use actual innocence as a gateway to federal habeas review of his untimely petition. *McQuiggin*, 133 S. Ct. at 1928, 1931.

## IV.   CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED AS UNTIMELY**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires;[5] and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:  March 8, 2017
             Syracuse, NY

Norman A. Mordue
Senior U.S. District Judge

---

[5]  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).

12